# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA, TENNESSEE

**WILLIAM JUSTIN BYRUM,**
    Plaintiff,

                                      **JURY DEMAND**

**Vs.**                                        **CASE NO.**
**CITY OF SODDY-DAISY**
**and**
**OFFICER JEFFERY JON RAHN,**
**(Individually and Official Capacity)**
    Defendants.

## COMPLAINT

Comes now, the plaintiff, by and through counsel, and for and Complaint would state as follows:

## JURISDICTION

1. The Plaintiff is William Justin Byrum. Plaintiff is a resident of Hamilton County, State of Tennessee. He is a resident of the Eastern District of Tennessee;

2. The City of Soddy-Daisy Municipal Corporation is organized under the laws and Constitution of the State of Tennessee. It is a corporate entity capable of suing and being sued. Defendant City maintains and operates the City of Soddy-Daisy Police Department. The Defendant City of Soddy-Daisy is an entity for the purpose of jurisdiction and is a resident of the State of Tennessee in the Eastern District of Tennessee;

3. The Defendant Jeffery Jon Rahn is a police officer employed by the City of Soddy-Daisy and through its agency, the City of Soddy-Daisy Police Department. For purposes of jurisdiction, Jeffery Jon Rahn is a resident in the Eastern District of Tennessee. This action is brought against officer Rahn individually, and in his official capacity;

4. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343(3) and that the controversy arises under the <u>United States Constitution</u> and under 42 U.S.C. § 1983 and 28 USC §§2201 and 2202. The Court has authority to award attorney's fees pursuant to 42 USC §1988. Each and all of the acts alleged herein were done by Defendants, or their officers, agents, and other employees, under color of law and pursuant to the statutes, ordinances, regulations, customs, and usages of the City of Soddy-Daisy and the State of Tennessee.

5. The factual allegations occurred in Soddy-Daisy, Hamilton County, Tennessee and in the Eastern District of Tennessee. Venue is proper pursuant to 28 U.S.C. § 1391.

6. The Defendant Jeffery Jon Rahn at the time of the facts subject of the complaint was a Police officer, employed by the City of Soddy-Daisy through the police department and was a certified police officers authorized by state statute to act as law enforcement officer. He was acting in the course and scope of his employment at all times identified in the Complaint. The Defendants while acting under color of state law deprived the Plaintiff William Justin Byrum of his Fourth, Fifth, Eight, and Fourteenth Amendment rights under the United States Constitution and the right to travel. Officer Rahn used and abused the authority given to him by the State of Tennessee and the City of Soddy-Daisy.

7. The Defendant Jeffery Jon Rahn was wearing the uniform of the City of Soddy-Daisy Police Department and was using a vehicle and its equipment of the City of Soddy-Daisy Police department and carried equipment of the City of Soddy-Daisy Police department on June 11, 2019. The Defendant held himself out to be an Officer of the City of Soddy-Daisy Police Department on that date. The defendant also acted per the instructions of supervising officers and under the authority of the City of Soddy-Daisy Police Department and with the knowledge of the department and pursuant to the City's assignment on the dates alleged herein.

8. Plaintiff William Justin Byrum was damaged. He suffered economic and non-economic damages. Further, he suffered physical injuries as described herein that were the direct and proximate result caused by the action of the defendants. The Defendants caused Plaintiff William Justin Byrum's damages due to a constitutional deprivation of fundamental and recognized substantial rights, due to intentional actions of the defendants, the deliberate indifference of the defendants or alternatively, due to a policy procedure or custom of the police department, failure to train officers, and failure to supervise officers.

**FACTS**

9. Plaintiff adopts the allegations of the preceding paragraphs 1-8 as if fully restated herein;

10. On June 11, 2019 while on duty on Dallas Hollow Road, Officer Rahn allegedly observed the Plaintiff operating a motor vehicle at a high rate of speed. Officer Rahn pursued the Plaintiff and located him at Plaintiff's parent's residence at 10700 Dallas Hollow Road. Plaintiff had parked his vehicle and walked to the rear of the residence and was going to go into the home when he observed Officer Rahn on the premises. Officer Rahn drew his weapon and initiated an arrest of the Plaintiff. Officer Rahn ordered the Plaintiff on the ground where he placed handcuffs on the Plaintiff. The officer then assisted the Plaintiff to his feet and placed him against the house where a search was made of his person. Officer Rahn located a small pocket knife. Plaintiff cooperated with the arrest and search. Plaintiff was non-combative, in handcuffs and awaiting instructions form Officer Rahn.

Officer Rahn then violently threw the Plaintiff to the ground while plaintiff was still wearing handcuffs. There was no action by Plaintiff to cause Officer Rahn to slam plaintiff to the ground. Officer Rahn then struck the Plaintiff several times with his fists and kicked him in the

back causing him severe injuries including broken ribs, bruising swelling contusions and abrasions to his face. Plaintiff was struck by the officer while still handcuffed and while he was defenseless. There was no legitimate reason for the use of force by Officer Rahn, but on the desire to injure the Plaintiff. No reasonable officer would acted as Officer Rahn acted.

11. Plaintiff was placed in the police car used by Officer Rahn and taken to the Soddy Daisy City Hall and police station and then transported to Hamilton County Jail. He was not given any medical care for his injuries.

12. During the ride to the police station, Officer Rahn bragged to Plaintiff about his prowess as a boxer and that Plaintiff was lucky that he was only injured to the degree that he had been and that Plaintiff deserved much worse.

13. Once at the police station in Soddy-Daisy, Plaintiff could hear officers talking about the beating that Officer Rahn had given Plaintiff and offering encouragement to Rahn's brutalizing of Plaintiff. Other officers were also bragging about their use of assaultive behavior with persons they had arrested. No officer intervened on behalf of the plaintiff, no medical attention was offered, and no discipline was given to Officer Rahn.

14. Officer Rahn prepared an affidavit of complaint alleging that the violated misdemeanor statues of racing and for possession of a weapon. However, the officer left out of his narrative about his merciless and unjustified beating of the Plaintiff.

15. After the Plaintiff made bond and was released from custody, his family searched the video system for the home security. A video was found showing the officers' actions. The video shows the assault form officer Rahn.

## CAUSES OF ACTION

16. The plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-15 as is fully set forth and alleged herein.

## COUNT ONE.
## USE OF EXCESSIVE FORCE (42 U.S.C. 1983)

17. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested by police. While acting under color of state law, City of Soddy-Daisy Officer Rahn used an amount of force which was unnecessary under the circumstances to make the arrest of Plaintiff. The force used was excessive.

18. Plaintiff alleges that while plaintiff was subdued, handcuffed and in custody and defenseless, Officer Rahn intentionally punched him in the face and kicked his body and that the force used was excessive and unreasonable. The acts committed by Officer Rahn violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.

19. Plaintiff alleges that the force used was greater than what a reasonable officer would have used in making the arrest under similar circumstances. Officer Rahn's actions in making the arrest were calculated and intentional and not objectively reasonable considering all the facts and circumstances.

20. The actions of Officer Rahn were the proximate cause of the injuries to plaintiff and all of his damages. Plaintiff is entitled to damages, attorney fees and cost pursuant to 42 U.S.C. 1983 and 1988.

## COUNT TWO.
## DELIBERATE INDIFFERNCE TO MEDICAL NEEDS

21. The plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-20 as is fully set forth and alleged herein.

22. Defendants City of Soddy-Daisy and Officer failed to ensure that Plaintiff received prompt and adequate medical care subsequent to the beating he received on June 11, 2019.

23. Defendants exhibited deliberate indifference to Plaintiff's serious medical needs when they knew that he was injured and needed medical care. Plaintiff's injuries were obvious and caused by the intentional conduct of Officer Rahn. The City of Soddy-Daisy through its officials knew that Officer Rahn had injured Plaintiff and did not respond to the medical need.

24 The Defendant's deliberate indifference to the Plaintiff's injuries and serious medical needs, resulted in the Plaintiff being deprived of his constitutional rights to be free from cruel and unusual punishment guaranteed by the Eighth Amendment to the United States Constitution as applied to the Eighth and Fourteenth Amendments.

25. The Plaintiff suffered from unnecessary and wanton infliction of pain because of clear and deliberate indifference to his medical needs. The Defendant's deliberate indifference was the product of official policies, procedures, practices, and customs and actions collectively promulgated and tacitly authorized and observed by the Defendants as described herein.

26. Specifically, under the Eighth Amendment of the United States Constitution Defendants were deliberately indifferent to the Plaintiff's medical needs in that they failed to provide the following:

    a. the medical attention for plaintiff's serious medical needs;

    b. any referrals to offsite medical and diagnostic services;

    c. any response to any serious medical needs;

    d. appropriate treatment methodologies;

    e. failed to provide preventative treatment, medication, and/or medical care;

  f.  failure to transfer him to a hospital or other diagnostic hospital for treatment;

  g.  aggravated or exacerbated his medical condition

  h.  failed to provide first aide for his medical need;

  i.  failed to notify the Hamilton County Jail of his condition.

27. Plaintiffs' injuries and damages were the direct and proximate result of the deliberate indifference, gross negligence, willful, wanton acts and omissions of the Defendant as fully set forth herein. As a direct and proximate cause of the result of the failures and omissions and official actions of the Defendants, Plaintiffs have been damaged. The Defendant's official acts and omissions were intentionally willful, wanton, reckless, and malicious and they are the product a complete and deliberate indifference and conscious and reckless disregard to the rights of the Plaintiff. Therefore, Plaintiff is entitled to punitive damages an exemplary damages in an amount sufficient to punish Defendant Jeffery Jon Rahn and to deter said Defendant and others from like future conduct. Plaintiff is entitled to compensatory damages for the actions of the Defendant Soddy-Daisy as described herein.

28. Plaintiff is entitled to reasonable attorney's fees, costs and expenses from Defendants as provided by 42 U.S.C. §1983 and 1988.

<b><u>COUNT THREE.</u></b><br><b><u>42 U.S.C. 1983 (FAILURE TO TRAIN)</u></b>

29. The Plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-28 in their entirety as is fully set forth and alleged herein.

30. The City of Soddy-Daisy Police Department through its policy makers in by enactment or acquiescence adopted a policy of inadequate training for police officers to carry out their duties. The failure to train, which was tacitly authorized by the City, was persistent and

widespread that it constituted an official policy in action. The adoption of these policies and the failure to address adequate training in these policies is alleged in support of the cause of action. The City of Soddy-Daisy Police Department failed to train Officers with regard to the use of force and in particular excessive force and the prohibitions on the use of force, arrest procedures and constitutional violations.

31. Failure to train deprived plaintiff of rights under the <u>Fourth Amendment, Eight Amendment, and the Fourteenth Amendment</u>. Moreover, the failure of the City of Soddy-Daisy Police Department to provide such training not only resulted in the systematic deficiencies outlined in the above paragraph, but also recklessly posed substantial risk of harm to the health and safety of the Plaintiff, William Justin Byrum. Failure to train amounted to deliberate indifference. The city was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of the law, or that the known, obvious and foreseeable risk or consequence of its failure to train of constitutional deprivation to citizens like plaintiff.

32. Plaintiff has been damaged as a result of a proximate and direct result of the conduct of City of Soddy-Daisy Police Department in their failure to provide adequate training as described herein.

33. The defendant's failure to train was the moving force or so closely related to the constitutional deprivation that it caused the injury to Plaintiff.

34. Plaintiff is entitled to compensatory damages, reasonable attorney's fees, costs, and expenses pursuant to 42 U.S.C. §1983 and 1988.

## COUNT FOUR
## FAILURE TO SUPERVISE (42 U.S.C. 1983)

35. The Plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-34 in their entirety as is fully set forth and alleged herein.

36. Defendants, City of Soddy-Daisy Police by and through their supervisory and management personnel, did not provide adequate supervision for the tasks performed by Officer Rahn. Without limitation, Officer Rahn was not properly supervised with regard to the arrest of Plaintiff and the use of force and proper arrest procedure. The inadequacy of supervision was the result of the municipality's deliberate indifference to the danger associated excessive use of force and improper arrest procedure. The inadequacy was closely related to or actually caused the injury in this case to Plaintiff.

37. The Defendants acted under color of state law at all times. The supervisory and management personnel were vested with the duty to exercise reasonable and adequate supervision, direction, and control over its Officer. The failure to supervise caused the damages to the plaintiff, and deprived plaintiff, William Justin Byrum of rights under the <u>Fourth Amendment, Eight Amendment Thirteenth Amendment, and the Fourteenth Amendment</u>. The failure to supervise is alleged in support of the cause of action;

   a. being deliberately indifferent to the risk of injury for the use of excessive force;

   b. failing to insure that officers use equipment provided, and to provide officers with training and equipment;

   c. failure to supervise, adopt, establish and operate and appropriate internal audit system by supervision;

   d. failure to supervise, adopt, establish and implement whistleblower pathways to report failure to follow appropriate, policies customs, and procedures.

38. The above defendants and particularly, City of Soddy-Daisy Police Department failed to adequately supervise, direct, and control officers and said failure was either overtly or tacitly authorized by the City of Soddy-Daisy Police Department through a supervisor or management personnel and was so persistent and widespread that it constituted widespread an

official policy and action, or its failure to supervise was obviously and foreseeably lead to a constitutional deprivation as alleged.

39. But for the failure to exercise reasonable and adequate supervision, Plaintiff's constitutional rights would not have been violated.

40. The defendant's official policies or customs were the moving force or so closely related to the constitutional deprivation that caused the injury to Plaintiff. The Defendants, through their acts and omissions were intentionally willful, wanton, reckless, and malicious and showed a deliberate indifference and reckless disregard for the rights of the Plaintiff, William Justin Byrum.

41. The plaintiff is entitled to compensatory damages, reasonable attorney's fees, costs, and expenses from Defendants provided in 42 U.S.C. §1983 and 1988.

**COUNT FIVE.**
**MONELL LIABILITY FOR CUSTOM OR POLICY (42 U.S.C. 1983)**

42. The Plaintiff re-alleges and sets forth all of the paragraphs preceding number Paragraphs 1-41 in their entirety as is fully set forth and alleged herein.

43. The plaintiff alleges that the policies, procedures, and customs of the Defendant Soddy-Daisy caused the constitutional violation suffered by the plaintiff. Soddy-Daisy's official custom allowing assaultive conduct which is excessive force by its officers in making arrests and in its interaction with persons under arrest represents official policy, inflicted the injury suffered by the plaintiff as described herein.

44. The use of excessive force by Officer Rahn when he assaulted the plaintiff as described herein was as a result of following the official custom and policy of the City of Soddy-Daisy. The use of excessive force was under color of state law and violated the Plaintiff's <u>fourth amendment rights.</u>

45. The official policy or custom was the proximate cause of the injuries and constitutional violation suffered by the plaintiff. But for thee official custom or policy allowing Officer Rahn to assault plaintiff, the plaintiff would not have been injured.

46. The plaintiff is entitled to compensatory damages, reasonable attorney's fees, costs, and expenses from Defendants provided in 42 U.S.C. §1983 and 1988.

## PRAYERS FOR RELIEF

47. The Plaintiff prays that the Court would enter judgment as follows:

   a. That process issue;

   b. That a jury be impaneled to hear the controversy before the Court;

   c. That the Court order for all the constitutional violations, compensatory and actual damages in the amount not less than Three Million Dollars ($3,000,000.00) for plaintiff against the City, and Defendant Officer Rahn in the amount not less than Three Million Dollars $3,000,000.00);

   d. That the Court would find punitive damages against the Defendant Officer Rahn in an amount not less than Five Million Dollars ($5,000,000.00);

   e. That the Court would order reasonable attorney's fees pursuant to 42 U.S.C. §1983 and 1988 along with any costs and expenses in the prosecution of this action;

   f. For any other general relief as is required by law.

*Signature on Next Page*

RESPECTFULLY SUBMITTED,

**MCKOON, WILLIAMS, ATCHLEY
& STUCLE, PLLC**

BY: */s/ Clayton M. Whittaker*
    **CLAYTON M. WHITTAKER, BPR#13461**
    *Attorneys for Plaintiff*
    633 Chestnut Street, Suite 1500
    Chattanooga, TN 37450
    (423) 756-6400/fax: (423) 756-8600
    Email: cwhittaker@mwalawfirm.com